FILED

NOT FOR PUBLICATION

DEC 17 2013

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-13-1297-DPaTa |
| | ) | |
| TAHSEENA KHAN, | ) | Bk. No.   11-57609-BB |
| | ) | |
|            Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TAHSEENA KHAN, | ) | |
| | ) | |
|            Appellant. | ) | |
| | ) | **M E M O R A N D U M**[1] |
| _____ | ) | |

Submitted without Oral Argument
on November 22, 2013

Filed - December 17, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Sheri Bluebond, Bankruptcy Judge, Presiding

Appearance:     Appellant Tahseena Khan pro se on brief.

Before:  DUNN, PAPPAS and TAYLOR, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The pro se debtor, Tahseena Khan, appeals the bankruptcy court's order denying her request to expunge her bankruptcy filing or to place her bankruptcy documents under seal. We AFFIRM.

**FACTS**

The debtor filed a chapter 7[2] bankruptcy petition on November 18, 2011. She filed her petition, her Schedule I and Schedule J, her statement of financial affairs and Form B22A. The debtor did not file her remaining schedules or her certificate of credit counseling briefing ("credit counseling certificate").

On the same day, the bankruptcy court issued two orders, one titled, "Order to Comply with Bankruptcy Rule 1007 and Notice of Intent to Dismiss Case" ("Missing Schedules Order"), and the other titled, "Case Commencement Deficiency Notice" ("Credit Counseling Certificate Order")(collectively, "Document Deficiency Orders"). The Missing Schedules Order required the debtor to file Schedule A through Schedule G. The Credit Counseling Certificate Order required the debtor to file a credit counseling certificate as required under §§ 109(h)(1) and 521(b)(1). The Document Deficiency Orders required the debtor to file the missing bankruptcy documents within fourteen days of the petition

---

[2] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

2

date; otherwise her bankruptcy case would be dismissed.[3]

The debtor filed her missing schedules on November 23, 2011. She did not file the credit counseling certificate, however.

On January 4, 2012, the bankruptcy court entered an order to show cause why the debtor's bankruptcy case should not be dismissed ("OSC") based on her failure to file her credit counseling certificate. Docket no. 20. The bankruptcy court ordered her to appear at a hearing on the OSC set for January 30, 2012 ("OSC hearing").

A few days before the OSC hearing, the debtor filed a document titled, "Declaration of Inability to Take Pre-Filing Credit Counseling" ("OSC Response"). Docket no. 22. She explained that she "tried to find a credit counseling class for free, but that free class was not for California and asked for a $5 fee for the certification." Id. She managed to obtain a waiver of the fee. The debtor also stated that she assumed that she did not have to file the credit counseling certificate because it was not mentioned in "the list of deficiencies"[4] given to her when she filed her bankruptcy petition in person at the bankruptcy court's intake office.

The debtor attached to her OSC Response a copy of her credit counseling certificate, dated November 30, 2011.[5] She also

---

[3] The deadline to file the missing bankruptcy documents fell on December 3, 2012.

[4] We presume the debtor was referring to the Missing Schedules Order.

[5] We note that the debtor was required to obtain credit
(continued...)

3

attached copies of various emails between her and the credit counseling agency, dated between November 27, 2011 and November 30, 2011.

The bankruptcy court held the hearing on January 30, 2012, but continued it to February 20, 2012 ("OSC hearing"). Two weeks after the continued OSC hearing, it entered an order dismissing the debtor's bankruptcy case. The bankruptcy court entered an order closing her bankruptcy case on May 3, 2012.

Three days later, the debtor filed a document titled, "Application to Remove Debtor's Name from the Bankruptcy Database and the Credit Report" ("Motion to Expunge Bankruptcy Filing").[6] She urged the bankruptcy court to expunge her bankruptcy filing so that it would no longer appear on her credit reports. According to the debtor, these negative credit reports impacted her employment prospects in the field of energy efficiency. Specifically, she needed "clean" credit reports because federal and state agencies required project managers to have excellent credit before employing them.

The bankruptcy court held a hearing on June 5, 2013 on the debtor's Motion to Expunge ("Motion to Expunge Hearing"). Two days later, the bankruptcy court entered an order denying the Motion to Expunge. Docket no. 30.

The debtor timely appealed.

_____

[5](...continued)
counseling by the chapter 7 petition date, November 18, 2011. See § 109(h)(1).

[6] The debtor did not move to reopen her case, nor did the bankruptcy court enter an order sua sponte reopening her case.

4

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A).  We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in declining the debtor's request to expunge her bankruptcy filing or to place her bankruptcy documents under seal?

## STANDARDS OF REVIEW

"We review issues of statutory construction and conclusions of law, including the bankruptcy court's interpretation of the Bankruptcy Code, de novo."  Samson v. W. Capital Partners (In re Blixseth), 684 F.3d 865, 869 (9th Cir. 2012)(citations omitted).

We may affirm on any ground supported by the record.  Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir. 2008).

## DISCUSSION

On appeal, the debtor asks us to expunge the bankruptcy filing from PACER and to place all records of her bankruptcy case under seal because the bankruptcy filing has been prejudicial to her employment prospects.  She avers that she cannot obtain senior management positions in her field because such positions require a "clean" credit report.

The debtor further asserts that the bankruptcy filing has been "defamatory to her reputation as a young female leader in a

5

male-dominant field." Appellant's Opening Brief at 5. She also worries about possible identity theft as her social security number and other personal information "are accessible through the electronic database [i.e., PACER]." Id. at 5.

Before we begin our analysis, we note that the debtor did not provide an appendix containing excerpts of the record as required under Rule 8009(b). We waived this requirement, however, under an order filed on September 5, 2013. BAP docket no. 24. Although we required the debtor to provide transcripts of the relevant hearing(s) under this order, she did not do so.

Because we lack excerpts of record, we have exercised our discretion to reach the merits on appeal by independently reviewing the bankruptcy case's electronic docket and the imaged documents attached thereto. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989). We also have done our best to reconstruct what happened at the relevant hearings without the benefit of the missing transcripts. See Ehrenberg v. Cal. State Fullerton (In re Beachport Entm't), 396 F.3d 1083, 1087-88 (9th Cir. 2005). Even without the aid of transcripts, we conclude that the bankruptcy court did not err in declining to expunge records relating to the debtor's bankruptcy filing.

A.   Section 107

The debtor relies on § 107(b)(2) and (c)(1) in support of her arguments.[7] Unfortunately, § 107(b)(2) and (c)(1) do not

---

[7] The debtor does not cite these particular subsections. We infer her reliance on these subsections from her arguments in her (continued...)

help her here.

Section 107(a) provides that papers filed in a bankruptcy case and the bankruptcy court's docket are public records and open to an entity's examination at reasonable times without charge.  Section 107(a) is broad as it covers "all papers filed in a bankruptcy case."  In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 430 (9th Cir. 2011)("Portland Roman Catholic Archbishop").

Section 107(a) "establishes a general right of public access to bankruptcy filings."  Id. at 429.  It is "rooted in the right of public access to judicial proceedings, a principle long-recognized in the common law and buttressed by the First Amendment."  Ferm v. U.S. Tr. (In re Crawford), 194 F.3d 954, 960 (9th Cir. 1999)(citations omitted).

This general rule is subject to very limited exceptions.  See Portland Roman Catholic Archbishop, 661 F.3d at 429.  Section 107 "has only three exceptions: confidential business information, 11 U.S.C. § 107(b)(1), 'scandalous or defamatory matter,' id. § 107(b)(2), and 'means of identification,' id. § 107(c)(1)(A)."  Id. at 430.  We construe these exceptions narrowly.  See Crawford, 194 F.3d at 960 n.8.

1.    Section 107(b)(2)

Section 107(b) "[makes] it mandatory for a [bankruptcy] court to protect documents falling into one of the enumerated exceptions."  Portland Roman Catholic Archbishop, 661 F.3d at

---

[7](...continued)
opening brief.

430. See also 2 Collier on Bankruptcy ¶ 107.03 (Alan N. Resnick & Henry J. Sommer, eds., 17th ed. rev. 2013)(hereinafter cited as Collier on Bankruptcy). Section 107(b) lists two exceptions, only one of which the debtor raises here: § 107(b)(2).

Section 107(b)(2) provides, in relevant part, that on the request of a party in interest, the bankruptcy court must protect a person with respect to defamatory matter contained in a paper filed in a bankruptcy case.[8] Within the Ninth Circuit, we interpret the term, "defamatory," according to its common meaning. See Portland Roman Catholic Archbishop, 661 F.3d at 432.

For matter in a document to be considered "defamatory," it must "damage the reputation, character, or good name of by slander or libel." The American Heritage Dictionary of the English Language 476 (4th ed. 2000). "Libel" is "[a] false publication, as in writing, print, signs, or pictures, that damages a person's reputation" or "[t]he act of presenting such material to the public." Id. at 1008. "Slander" is an "oral communication of false statements injurious to a person's reputation" or "[a] false and malicious statement or report about someone." Id. at 1633.

The debtor claims that the bankruptcy filing has been "defamatory to her reputation," but she fails to explain how it has damaged her reputation by slander or libel. She also fails to specify any documents in her bankruptcy filing that contain

_____

[8] The debtor does not contend that the papers in her bankruptcy filing were "scandalous," so we will not address that standard here.

8

any "defamatory" matter.

Because the debtor fails to show that the bankruptcy filing documents are defamatory within the meaning of § 107(b)(2), we determine the bankruptcy court did not err in declining to expunge the bankruptcy filing records.

2.   Section 107(c)(1)

Section 107(c) provides, in relevant part:

(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
　　　(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
　　　(B) Other information contained in a paper described in subparagraph (A).

Unlike § 107(b), § 107(c) gives the bankruptcy court broad discretion to protect an individual facing the subject circumstances.  2 Collier on Bankruptcy ¶ 107.04[1].  Moreover, "[t]he types of information that can be protected by the court are unlimited."  Id. (citing § 107(c)(1)(B)).

The debtor frets that her social security number, bank account number and other personal information have been exposed to the public through her bankruptcy filing.  But after reviewing the bankruptcy court's electronic docket, the debtor's petition, her original and amended schedules, her statement of financial affairs and her Form B22A, we discovered no such information, other than the last four digits of her social security number. None of her bankruptcy documents contained any identifying information that could create an undue risk of identity theft or other unlawful injury to the debtor.

9

The debtor failed to show that the bankruptcy filing contained identifying information that would place her at risk of identity theft, as she has claimed. We therefore determine that the bankruptcy court did not err in declining to expunge the debtor's bankruptcy filing records.

B.   Rule 9037

The debtor apparently invokes Rule 9037(c) and (d)(2) in one last attempt to convince us to expunge her bankruptcy filing. Based on the record before us, we are not persuaded to do so.

Section 107(b) "provides that certain information filed in a bankruptcy case may, pursuant to court order, be exempt from the general rule that all such papers are public records." 10 Collier on Bankruptcy ¶ 9037.04. Rule 9037(c) supplements § 107(b) by allowing the bankruptcy court to order certain documents filed in a bankruptcy case to be filed "under seal" – that is, no longer available on the public record. See id.

Here, the debtor has not shown that the documents in her bankruptcy filing contained any information that warrants placing them under seal. She merely complains that the bankruptcy filing has negatively affected her employment prospects. While we sympathize with the debtor, recognizing that the bankruptcy filing likely hampers her efforts in obtaining employment, such information is not sensitive enough to convince us that it should be placed under seal.

We also determine that Rule 9037(d)(2) does not apply. Under Rule 9037(d), a bankruptcy court may limit or prohibit a nonparty's remote electronic access to a document filed with it. "Rule 9037(d) recognizes the [bankruptcy] court's inherent

10

authority to go beyond the limits set out in Rule 9037(a) regarding the information that must be redacted from a filing made with the court." Id. ¶ 9037.05. Again, the debtor fails to demonstrate that the documents in her bankruptcy filing contain sensitive information that warrants limiting electronic access to them.

Given the foregoing, we conclude that the bankruptcy court did not err in refusing to place the documents in the debtor's bankruptcy case under seal.

## CONCLUSION

For the foregoing reasons, we AFFIRM.

11